UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BYERS,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

Case No. 1:13-cv-339

HON. ROBERT HOLMES BELL

**OPINION AND ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a social security review action filed pursuant to Section 205(g) of the Social Security

Act, 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and

Recommendation (R&R), recommending that this Court affirm the final decision of the

Commissioner of Social Security. The matter is presently before the Court on Plaintiff's objections

to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has

performed de novo consideration of those portions of the R&R to which objections have been made.

The Court overrules the objections and issues this Opinion and Order.

"[A] general objection to a magistrate's report, which fails to specify the issues of contention,

does not satisfy the requirement that an objection be filed. The objections must be clear enough to

enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*,

50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the

Magistrate Judge's findings or recommendations. *Id.*

Plaintiff objects to the Magistrate Judge's following determinations: (1) that the

Administrative Law Judge (ALJ) gave the proper weight to medical testimony from various sources, (Pl.'s Obj., Dkt. No. 29 at 1–6); (2) that the ALJ correctly assessed Plaintiff's credibility, (*id.* at 6–7); and (3) that the ALJ gave proper consideration to the impact of Plaintiff's obesity. (*Id.* at 7–8.)

Plaintiff first objects to the Magistrate Judge's conclusion that the ALJ gave appropriate weight to the testimony of Plaintiff's treating physician, Dr. Lado. (*Id.* at 2–3; R&R, Dkt. No. 28 at 25). Plaintiff asserts that "both the ALJ and [the R&R] contend that Dr. Lado's opinion is not supported by objective testing and is inconsistent with Plaintiff's reported activities," (Pl.'s Obj., Dkt. No. 209 at 2), and that the R&R "simply reiterates the ALJ's own ambiguous reasoning for rejecting the well-supported medical assessment of record from a treating physician." (*Id.*) Plaintiff also objects to what he characterizes as the R&R's "omission on the issue of whether the ALJ reasonably rejected Dr. Lado's opinion, in light of *Blakley* [*v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009)]." (*Id.*) These arguments lack merit.

First, as the Magistrate Judge correctly noted, in a § 205(g) action, "[t]he Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility." (R&R, Dkt. No. 28 at 2) (citing *Garner v. Hekcler*, 745 F.2d 383, 387 (6th Cir. 1984)). Rather, judicial review is "limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision." (R&R, Dkt. No. 28 at 2) (citing *Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989)). This deferential level of review "indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary conclusion." (R&R, Dkt. No. 28 at 2) (citing *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

Contrary to Plaintiff's assertion, the Magistrate Judge reviewed in great detail the medical record in this case, (*see* R&R, Dkt. No. 28 at 3–14), and concluded that the ALJ's determination "that Dr. Lado's opinion was contrarty to the results of various objective medical testsing" was "well supported by the record as detailed above." (*Id.* at 25.) Assuming *arguendo* that Plaintiff's argument that Dr. Lado's opinion was supported by tests he conducted; that the ALJ adopted some of Dr. Lado's restrictions, while rejecting others without explanation; and that Plaintiff's physical activities aggravated his condition, (Pl.'s Obj., Dkt. No. 29 at 2–3), would support a decision to give more weight to Dr. Lado's opinion, the existence of "evidence [that] would have supported a contrary decision" is insufficient to overturn an ALJ's conclusion, where, as here, substantial evidence exists to support that conclusion. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545. Plaintiff's objection is therefore overruled.

Plaintiff next objects to the Magistrate Judge's analysis of the ALJ's reliance on the testimony of Dr. Lazzara, because the R&R "omits the necessary, precedential analysis set by *Ealy* [*v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010)]." (Pl's Obj., Dkt. No. 29 at 4.) In *Ealy*, the Sixth Circuit held that "[i]n order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy*, 594 F.3d at 516. Plaintiff argues that "the ALJ failed to fairly reflect the medical expert's final opinion in the hypothetical questioning." (Pl.'s Obj., Dkt. No. 29 at 4.) However, a review of the transcript reveals that the ALJ summarized Dr. Lazzara's conclusions to the vocational expert point by point before asking any hypothetical questions. (Tr., Dkt. No. 8-2 at 72–74.) Plaintiff's assertion to the contrary is counterfactual and his objection is therefore overruled.

Plaintiff also argues that Dr. Lazzara's opinion cannot be substantial evidence for the ALJ's conclusions because the ALJ's final Residual Functional Capacity (RFC) determination is less restrictive than Dr. Lazzara's opinion. (Pl.'s Obj., Dkt. No. 29 at 5.) As the Magistrate Judge correctly noted, the ALJ did not adopt Dr. Lazzara's opinion, but rather gave it significant weight, as it was consistent with other record evidence. (R&R, Dkt. No. 28 at 26.) Plaintiff's objection is therefore overruled.

Plaintiff next objects to the Magistrate Judge's conclusion that the ALJ's decision to give diminished weight to the opinions of Dr. Willmarth and Dr. King is supported by substantial evidence. (Pl.'s Obj., Dkt. No. 29 at 5–6.) Plaintiff argues that the ALJ's conclusion to give diminished weight to the testimonies of these treating physicians was based on a "mischaracterization of Dr. Andert's[1] opinion." Specifically, Plaintiff states:

> The [R&R] fails to discuss that the ALJ contended that Dr. Andert testified that a psychological Global Assessment of Functioning ("GAF") score of 45, as found by the Plaintiff's treating psychiatrist, "would place the claimant in such severe psychological shape as to be unable to function independently or to live outside a sheltered living environment." Dr. Andert provided no such testimony.

(*Id.* at 6.) Contrary to Plaintiff's assertion, Dr. Andert provided substantially the same testimony as the language quoted from the ALJ. (*See* Tr., Dkt. No. 8-2 at 68–69.) Plaintiff's assertion to the contrary is counterfactual and his objection is therefore overruled.

Plaintiff next objects to the Magistrate Judge's conclusion that the ALJ's decision to give diminished credibility to Plaintiff's own testimony is supported by substantial evidence. (Pl.'s Obj., Dkt. No. 29 at 6–7.) Plaintiff states that he "respectfully objects to the conclusions of [the R&R], as [the R&R] omits any consideration of the ALJ's mischaracterization of the record, and simply defers

---

[1]Dr. Andert is an independent medical expert who testified before the ALJ.

to the ALJ's credibility finding, no matter how egregious." (*Id.* at 7.) Plaintiff bases this objection

on the purported mischaracterization of Dr. Andert's testimony, (Pl.'s Obj., Dkt. No. 29 at 7), which,

as discussed above, was not mischaracterized at all. Plaintiff's objection is therefore overruled.

Finally, Plaintiff objects to the Magistrate Judge's determination that the ALJ considered

Plaintiff's obesity at every step of the sequential evaluation process. (Pl.'s Obj., Dkt. No. 29 at 7;

R&R, Dkt. No. 28 at 32.) The Magistrate Judge concluded that the "ALJ recognized that Plaintiff

is obese and analyzed the entire record in assessing Plaintiff's residual functional capacity." (R&R,

Dkt. No. 28 at 32.) Plaintiff argues that this conclusion is based on "a mischaracterization of the

medical opinion evidence and administrative record" because "[b]oth Dr. Lado and Dr. Lazzara

provided medical opinions that are far more restrictive than the RFC determination" based upon

Plaintiff's obesity (Pl.'s Obj., Dkt. No. 29 at 8.) Plaintiff argues that, based on a hypothetical that

these opinions were correct, "the vocational expert testified that the restrictions opined by the doctors

would be work preclusive." (*Id.*) Plaintiff argues that the opinions of these physicians should have

been afforded greater weight, and therefore the ALJ's determination that Plaintiff's obesity is

nonsevere cannot be supported by substantial evidence. (*Id.*) Plaintiff's argument is without merit.

As discussed above, there exists substantial evidence that the ALJ afforded proper weight

to the opinions of Dr. Lado and Dr. Lazzara. Further, in discussing his RFC finding the ALJ stated,

"[i]n making this finding, the undersigned has considered all symptoms and the extent to which

theses symptoms can reasonably be accepted as consistent with the objective medical evidence and

other evidence . . . The undersigned has also considered opinion evidence . . ." (Tr., Dkt. No. 8-2 at

28.) The ALJ also discussed the impact of Plaintiff's obesity on his findings. (*Id.* at 25.) Therefore,

the Court agrees with the Magistrate Judge's conclusion that "[t]he ALJ's RFC determination

sufficiently accounts for Plaintiff's obesity and the limitations reasonably imposed by such." (R&R, Dkt. No. 28 at 32.) Plaintiff's objection is therefore overruled.

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58.

**IT IS HEREBY ORDERED** that the Plaintiff's Objections (Dkt. No. 29) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's January 27, 2014, R&R (Dkt. No. 28) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED**.


Date: February 24, 2014                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE